# United States Court of Appeals
## For the Eighth Circuit

_____

No. 17-1133

_____

Jabari Wright

*Plaintiff - Appellant*

v.

RL Liquor

*Defendant - Appellee*

Ruth L. Dailey; R2, D2, Inc., also known as R2D2, also known as RL2

*Defendant*s

_____

Appeal from United States District Court
for the District of Nebraska - Omaha

_____

Submitted: November 14, 2017
Filed: April 4, 2018

_____

Before BENTON, SHEPHERD, and KELLY, Circuit Judges.

_____

BENTON, Circuit Judge

From 2013 to 2016, Jabari N. Wright visited the RL Liquor store several times.
Wright, paralyzed from the waist down and confined to a wheelchair, encountered

barriers at the store: the parking lot had no van-accessible parking spots or signs, the entryway threshold's slope was not ADA-compliant, and the counter's height was higher than the ADA standard. Wright sued RL Liquor, Ruth L. Dailey, and R2, D2, Inc. (RL Liquor) for violating Title III of the Americans with Disabilities Act (ADA). After receiving the complaint, RL Liquor designated accessible parking and posted signs offering assistance, but did not change the threshold or counter top. After a bench trial, the district court[1] dismissed as moot the claims about the parking-lot barriers. On the remaining claims, the court ruled that Wright failed to meet his burden to prove a readily achievable barrier removal method. Having jurisdiction under 28 U.S.C. § 1291, this court affirms.

I.

Wright believes the district court erred in dismissing as moot the parking-lot claims. This court reviews de novo whether claims are moot. *Keup v. Hopkins*, 596 F.3d 899, 904 (8th Cir. 2010).

Wright emphasizes that the voluntary cessation of an illegal practice does not make a case moot, citing *Sheely v. MRI Radiology Network, P.A.*, 505 F.3d 1173, 1183-84 (11th Cir. 2007). There, the defendant's policy prohibited guide dogs in the facility. *Id.* at 1180. After plaintiff sued, the defendant revoked the policy; the district court ruled the case moot. *Id.* at 1181-82. Reversing the district court, the Eleventh Circuit relied on the Supreme Court's rule: "A defendant's voluntary cessation of a challenged practice" moots a case only if it is "absolutely clear that the allegedly wrongful behavior could not reasonably be expected to recur." *Friends of the Earth, Inc. v. Laidlaw Envtl. Servs. (TOC) Inc.*, 528 U.S. 167, 169-70 (2000).

---

[1]The Honorable Robert F. Rossiter, Jr., United States District Judge for the District of Nebraska.

Applying this standard, the district court here found that the parking-lot violations cannot reasonably be expected to recur.

The voluntary-cessation doctrine does not apply when "defendants' compliance with the ADA . . . is far 'more than a mere voluntary cessation of alleged illegal conduct, where we would leave [t]he defendant [s] . . . free to return to [their] old ways.'" *Hickman v. State of Mo.*, 144 F.3d 1141, 1143-44 (8th Cir. 1998), *quoting Preiser v. Newkirk*, 422 U.S. 395, 402 (1975). In *Hickman*, the defendant made structural changes to remove barriers. *Id.* at 1144. Here, after RL Liquor became aware of the lack of van-accessible parking, the store placed a handicap parking sign and painted a van-accessible parking spot. Unlike *Sheely*, where the defendant could capriciously reinstate its no-dogs policy, the sign and spot here are "far 'more than a mere voluntary cessation'" that leaves the defendant free to return to its wrongful behavior. *See id.* The district court did not err in dismissing as moot the parking-lot claims.

II.

Places of public accommodation shall not discriminate against people with disabilities. **§ 42 U.S.C. 12182(a)**. Discrimination includes "failure to remove architectural barriers . . . in existing facilities . . . where such removal is readily achievable." **§ 12182(b)(2)(A)(iv)**. Removal is readily achievable if it is "easily accomplishable and able to be carried out without much difficulty or expense." **§ 12181(9)**. In determining whether removal is readily achievable, courts consider: (1) nature and cost of the action; (2) overall financial resources of the facility involved; (3) number of persons employed at the facility; (4) effect on expenses and resources; (5) impact of the action on the facility's operation; (6) overall financial resources of the covered entity; (7) overall size of the business of a covered entity in terms of the number of its employees; (8) the number, type, and location of the facilities; (9) type of operation of the covered entity, including composition, structure, and functions of

the workforce; and (10) geographic separateness, administrative or fiscal relationship of the facility to the covered entity.  **§ 12181(9)(A)-(D)**.

The ADA does not state whether the plaintiff or the defendant has the initial burden of production that removal is readily achievable.  The district court relied on the Tenth Circuit's framework:  "Plaintiff must initially present evidence tending to show that the suggested method of barrier removal is readily achievable under the particular circumstances.  If Plaintiff does so, Defendant then bears the ultimate burden of persuasion that barrier removal is not readily achievable under subsection (iv) [of § 12182(b)(2)(A)]."  ***Colorado Cross Disability Coal. v. Hermanson Family Ltd.***, 264 F.3d 999, 1002-03 (10th Cir. 2001).  Other circuits, though somewhat modifying the Tenth Circuit's framework, also place the initial burden on the plaintiff.  *See, e.g.*, ***Roberts v. Royal Atl. Corp.***, 542 F.3d 363, 373 (2d Cir. 2008) ("When evaluating a claim under [§ 12182(b)(2)(A)(iv)], we require a plaintiff to articulate a plausible proposal for barrier removal, 'the costs of which, facially, do not clearly exceed its benefits'"); ***Gathright-Dietrich v. Atlanta Landmarks, Inc.***, 452 F.3d 1269, 1274 (11th Cir. 2006) (holding the district court properly placed the initial burden on the plaintiff and adopting the burden shifting framework of *Colorado Cross*).  *But see* ***Molski v. Foley Estates Vineyard and Winery, LLC***, 531 F.3d 1043, 1048 (9th Cir. 2008) (allocating the burden of production to the defendant in cases arising under 28 C.F.R. § 36.405–alterations to historic buildings); *cf.* ***Vogel v. Rite Aid Corp.***, 992 F. Supp. 2d 998, 1011 n. 35 (C.D. Cal. 2014) (limiting *Molski* to historic buildings).

Wright argues that the district court erred by placing the initial burden of production on him instead of RL Liquors.  Following the Tenth, Second, and Eleventh Circuits, this court holds that the district court properly required Wright to initially present evidence tending to show that the suggested method of barrier removal was readily achievable under the circumstances.  *See **Colorado Cross**, 264*

-4-

F.3d at 1002-03; **Roberts**, 542 F.3d at 373 & n. 6; **Gathright-Dietrich**, 452 F.3d at 1274.

Wright objects to the amount and specificity of evidence required to meet his initial burden.  He, however, failed to offer a plausible proposal for barrier removal. *See* **Roberts**, 542 F.3d at 373 & n. 6.  As the district court found, "Wright presented no suggested modifications of his own and no expert testimony to counter Fleming's expert opinion that modifications were not readily achievable."  The district court did not clearly err in making these findings.  The district court concluded that Wright did not present evidence for "a reasoned evaluation of the factors relevant to the 'readily achievable' determination," or satisfy even a "light burden" of production.  On the record here, the district court reached the right conclusion.[2]

\* \* \* \* \* \* \*

The judgment is affirmed.

_____

---

[2]After trial, the district court noted that even if Wright met his burden of production, the court would rule for defendants because they proved that any proposed modifications are not readily achievable, specifically that removal of any entry barriers would create a hazard for customers and that the present accommodations enabled Wright to conduct business at the store.