# United States Court of Appeals
### For the Eighth Circuit

_____

No. 19-1825

_____

Troy K. Scheffler

*Plaintiff - Appellant*

v.

Richard House Kyle, Jr.

*Defendant - Appellee*

Kaplan, Inc.

*Defendant*

_____

Appeal from United States District Court
for the District of Minnesota

_____

Submitted: March 9, 2020
Filed: June 3, 2020
[Unpublished]

_____

Before ERICKSON, GRASZ, and KOBES, Circuit Judges.

_____

PER CURIAM.

Troy Scheffler appeals the district court's[1] dismissal of his suit seeking to compel a Minnesota state court judge to decide issues of state law in his case against Kaplan, Inc. We affirm because Scheffler settled his dispute with Kaplan rendering his federal suit moot.

Scheffler sued Kaplan in Minnesota conciliation court seeking reimbursement for expenses related to his enrollment at Kaplan's Concord Law School. He primarily alleged that Kaplan breached their contract and committed consumer fraud. When Kaplan won, Scheffler exercised his statutory right to have a Minnesota district court review the case de novo. Minnesota District Judge Richard H. Kyle then granted Kaplan's motion to compel arbitration. Scheffler appealed to the Minnesota Supreme Court, but he was unsuccessful because the order compelling arbitration was not a final appealable order.

Scheffler then filed this suit against Kaplan and Judge Kyle. In his federal complaint, Scheffler claims that Judge Kyle prevented him from appealing the conciliation court's judgment and violated the federal and Minnesota constitutions. The district court ruled that it lacked jurisdiction under the Rooker-Feldman doctrine and dismissed with prejudice. Prior to that ruling, Scheffler voluntarily dismissed Kaplan from the lawsuit.

On appeal, Scheffler asks us "to compel Minnesota District Judge R. H. Kyle to decide his motion to find there was no arbitration agreement." Scheffler Br. 6; see also id. at 14, 15. Judge Kyle argues the case is moot. Kyle Br. 25. "When a case on appeal no longer presents an actual, ongoing case or controversy, the case is moot and the federal court no longer has jurisdiction to hear it." Ringo v. Lombardi, 677 F.3d 793, 796 (8th Cir. 2012) (citation omitted). We review de novo whether claims are moot. Wright v. RL Liquor, 887 F.3d 361, 363 (8th Cir. 2018).

---

[1]The Honorable J. Leon Holmes, United States District Judge for the Eastern District of Arkansas, sitting by designation.

-2-

Judge Kyle asserts that Scheffler "settled with Kaplan" and that his "legal dispute with Kaplan is resolved." Kyle Br. 25. In Scheffler's reply brief, he does not dispute this contention. Thus, we accept that Scheffler's "legal dispute with Kaplan is resolved."

Scheffler's settlement with Kaplan prevents us from according him any relief. "A case becomes moot when the court can no longer grant any effectual relief to a prevailing party due to a change in circumstances." In re Gretter Autoland, Inc., 864 F.3d 888, 891 (8th Cir. 2017). Here, "nothing of practical consequence turns on the outcome of [this] appeal" because if we were to issue the writ of mandamus,[2] we would be ordering Judge Kyle to issue a ruling in a case that no longer exists. Id. Scheffler's claim against Judge Kyle is moot and the case is dismissed.

_____

[2]On appeal, Scheffler makes passing reference to declaratory relief. He failed to develop this argument in his opening brief, so it is waived. See Meyers v. Starke, 420 F.3d 738, 743 (8th Cir. 2005) ("To be reviewable, an issue must be presented in the brief with some specificity. Failure to do so can result in waiver."). Even if we were to address this argument, it would also be moot.